```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERARD LOUIS,

        Plaintiff,

v.                                 //    CIVIL ACTION NO. 1:06CV177
                                               (Judge Keeley)

AL HAYNES, JOE DRIVER, D. GILL,
CAPT. MARUKA, LT. DUPREE, AND
FOOD ADMINISTRATOR GREENAWARD,

        Defendants.
```

**ORDER ADOPTING-IN PART AND REJECTING-IN-PART
THE REPORT AND RECOMMENDATION**

## I. Procedural Background

On December 11, 2006, the pro se plaintiff, Gerard Louis ("Louis"), filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On June 15, 2007, the defendants filed a motion to dismiss or, in the alternative, for summary judgment. On February 5, 2008, United States Magistrate Judge James E. Seibert issued a report and recommendation ("R&R") recommending that this Court (1) grant the defendants' motion to dismiss Louis' claims regarding protective custody based on his failure to exhaust administrative remedies, and (2) deny the defendants' motion as to Louis' claims that he was denied a seat in the dining hall and forced to prostitute himself to eat.

On February 20, 2008, the defendants moved to extend the time to file objections. The Court granted the motion and extended the

time until February 28, 2008.  On February 25, 2008, Louis filed a "declaration," and on February 28, 2008 the defendants filed objections to the R&R.  As exhibits to these objections, the defendants submitted copies of many relevant documents of which Magistrate Judge Seibert had no knowledge at the time he entered the R&R.  On March 7, 2008, Louis filed a motion to enlarge the time to file a response to the defendants' objections until March 18, 2008.  The Court granted that motion on March 10, 2008.  On March 17, 2008, Louis filed an "answer" to the defendants' objections, as well as two motions to amend his complaint.

This Court reviews objections <u>de novo</u> but may adopt any portion of the R&R not objected to by either party without substantive review.[1]

## II. <u>Factual Background</u>

This Court adopts Magistrate Judge Seibert's recitation of the facts in the case.  In brief summary, Louis alleges that defendant Vicky Dupris ordered him to stop eating at the beverage bar in the dining hall and, instead, to eat at a table "reserved" for Native

---

[1] A party's failure to object to a recommendation in the Report and Recommendation waives its appellate rights on that issue and relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).

Americans. Louis alleges that, as a consequence of sitting at that table, a group of Native American prisoners threatened him and he was placed in protective custody for seventy-five days because of these threats. Upon his release from protective custody, Louis alleges he was again forced to eat at the beverage bar and, later, at that same table. He asserts that the threats continued until, ultimately, he was forced to start prostituting himself in order to obtain food.

## III. Legal Analysis

### A. Louis' Declaration

Although entitled a "declaration", the Court liberally construes this document filed by Louis as an objection to the Magistrate Judge's finding that Louis failed to exhaust his administrative remedies on his protective custody claims. Upon de novo review of the record as a whole, the Court finds that the Magistrate Judge correctly determined that Louis had not exhausted his administrative remedies on his protective custody claims. Consequently, it **ADOPTS** the R&R and, for the reasons stated in the R&R, **DISMISSES** Louis' protective custody claims **WITHOUT PREJUDICE**.

### B. Defendants' Objections

In support of their objections, the defendants first argue that Louis' claims about being denied seating in the dining hall do

not rise to the level of a constitutional violation. Second, they argue that Louis has failed to exhaust his administrative remedies with regard to any claim that he was forced to prostitute himself for food. Third, they argue that Louis has failed to allege any personal involvement by any of the defendants in the alleged constitutional violations. Finally, they contend that they are entitled to qualified immunity on all of Louis' claims.

Upon de novo review of the whole record, the Court agrees with the defendants that, during the administrative process, Louis never alleged that he was being forced to prostitute himself to obtain food.[2] What he did allege was that other inmates had barred him from sitting in the dining hall and that he had requested that the Bureau of Prisons provide him an assigned place to sit.

In the R&R, Magistrate Judge Seibert correctly noted that Louis had exhausted his administrative remedies with regard to the issue of assigned seating in the dining hall, but he interpreted the scope of the defendants' exhaustion contention also to cover Louis' prostitution claim. Consequently, he concluded that, even

---

[2] Attached to their objections, the defendants provided copies of all the administrative grievances that Louis has ever filed within the prison system. Upon examining these documents and the documents Louis submitted with his complaint, the Court finds no evidence that the prostitution claim was raised in the administrative process.

though exhausted, Louis' claim of forced prostitution for food warranted further investigation and, therefore, should not be dismissed.[3]

Considering the sparse evidence before the Magistrate Judge at the time of his review, it is understandable how he could have reached the conclusion that Louis had exhausted his prostitution for food claim. Since filing their objections, however, the defendants have followed the suggestion given by the Magistrate Judge in his R&R and provided the Court with evidence not previously included in the record supporting their argument that Louis failed to exhaust his administrative remedies regarding that claim. That evidence includes additional relevant documents, such as affidavits from employees of the Bureau of Prisons and a voluminous printout of all the grievances Louis has ever filed within the prison system. This new information forces the conclusion that, while Louis did grieve the Bureau of Prisons' alleged failure to assign him a seat in the dining hall, his

---

[3]The memorandum accompanying the defendants' motion to dismiss was, at best, confusing on this issue. The defendants, however, did assert, on page 4 of that memorandum that "Plaintiff exhausted his administrative remedies <u>only</u> regarding seating in the dining hall for homosexual inmates." (Emphasis added). Consequently, the Court finds that the defendants did not waive that affirmative defense on the prostitution claim, despite waiting until the objections stage to provide substantive support for the defense.

allegation of being forced to prostitute himself for food raises a new and different claim that Louis has never grieved. He, therefore, failed to exhaust his administrative remedies with regard to any claim of forced prostitution for food.

Magistrate Judge Seibert correctly found that Louis' seating grievance is meritless. He properly applied the four factor test from Turner v. Safley, 482 U.S. 78, 89-90 (1987), and determined that the regulation against assigned seating was a constitutionally permissible prison regulation. It is worth noting that initially Louis did not object to this portion of the R&R. Later, as discussed further below, in his "answer" he withdrew the seating claim altogether. Consequently, the Court finds that 1) Louis has failed to exhaust his administrative remedies on his prostitution for food claim, and 2) his seating claim is meritless and was subsequently voluntarily withdrawn.

**C. Louis' "Answer" and Motions to Amend Complaint**

Pursuant to leave from this Court, Louis filed an "answer" to the defendants' objections and two separate motions to amend his complaint. Louis abandons his claim for assigned seating in the dining hall in that answer and indicates that he only wishes to pursue the prostitution for food claim. He admits that these are

two separate and distinct claims. Unfortunately for Louis, he has failed to exhaust his administrative remedies as to that claim.

Consequently, after careful examination of Louis' proposed amended complaint, the Court concludes that Louis' motions to amend should be denied as moot because Louis has not exhausted his administrative remedies on his protective custody and prostitution claims.

**IV. Conclusion**

Based on the foregoing, the Court **ADOPTS-IN-PART** and **REJECTS-IN-PART** the R&R of the Magistrate Judge, **SUSTAINS** the defendants' administrative remedies objection, **GRANTS** the defendants' motion to dismiss (dkt. no. 37), **DISMISSES** the seating claim **WITH PREJUDICE** and all other claims in this case **WITHOUT PREJUDICE**. The Court also **DENIES** Louis' motions to amend his complaint (dkt. nos. 67 & 68) and motion for appointment of counsel (dkt. no. 59) **AS MOOT**. The Clerk is ordered to **STRIKE** this case from the Court's docket.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested.

Dated: March 27, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE